[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of a marriage and related relief. The plaintiff, whose maiden name was Ellen Conroy, and the defendant intermarried at Greenwich, Connecticut, on March 1, 1975. The plaintiff has resided continuously In the State of Connecticut for at least one year next preceding the date of the commencement of this action. There are two children issue of this marriage, Michal Ann, born March 13, 1977, and Martin Joseph, born February 22, 1980; therefore, they have both reached the age of majority. No other children have been born to the plaintiff since the date of the marriage. The marriage has broken down irretrievably, and a decree of dissolution shall enter on that ground.
The plaintiff is 48 years old and is in good health. She graduated from the University of Connecticut in 1973 with degrees in speech pathology and audiology. More recently, in 1997, she received a Master's degree from Manhattanville in elementary and special education. The plaintiff was not employed during the marriage, and was instead the primary caretaker of the children and the homemaker for the family. Since receiving her master's degree, the plaintiff has been employed nearly full-time as a teacher's aide in Scarsdale, New York. She has her teaching certificate in New York, and is apparently within reach of the same in Connecticut. As a teacher' s aide she is earning $185 gross, $169 net per week. The plaintiff is seeking a full-time teaching position, and she estimates the starting salary to be in the range of the high $20,000's.
The defendant is 50 years old and is also in good health, except for occasional episodes of slight vertigo. He claims the condition resulted from a fall several years ago. The defendant is a high school graduate. He was a police officer in Port Chester, New York, and retired in 1989 after twenty years on the force. He collects a pension from that employment in the sum of $1,568 per month. Since retirement, the defendant has operated a consignment or "junk shop" at one of the properties acquired during the marriage. The defendant has also continued as a handyman, rent collector and property manager for the same properties, more concerning which immediately follows.
At or about the time of the marriage and during the marriage, the parties individually or jointly acquired several properties in addition to their marital home. The value of these properties was, for the most part, contested at the time of trial. What follows is a brief description of these properties including CT Page 14522 their fair market value as found by this court:
 (1) Marital home at 8 Lantern Lane, Greenwich, Connecticut. The home is jointly owned by the parties. It continued as the marital home until the defendant was dispossessed in January, 1998. Its present fair market value is $400,000.
 (2) Investment property at 29 Willet Avenue, Port Chester, New York. It consists of four apartments and one store front. The parties jointly have a 50% interest in this property. Its fair market value is $295,000 with no mortgage, so that the parties' 50% interest is $147,500.
 (3) Investment property at 141 South Main Street, Port Chester, New York. This consists of six apartments, and a combined store front/office. It has also served as the defendant's temporary residence since being dispossessed from the marital home. Its fair market value is $300,000.
 (4) Investment property at 38 Soundview Avenue, Port Chester, New York. This consists of two apartments and two furnished rooms. Its fair market value is $235,000.
The parties were able to acquire these properties primarily because of gifts or loans from the plaintiff's parents, and an inheritance received by the defendant. The defendant "managed" these properties; he acted as a handyman, collected rents and payed related bills. The "cash flow from real estate" on defendant's affidavit, while perhaps technically accurate, is misleading because it omits accounting for half the income from the parties' interest in Willet Avenue. These are monies over which the defendant has exercised control. This is corroborated by the inclusion of these monies in the plaintiff's separate tax return, but omission from her affidavit. Also, during this action, the defendant was able to significantly reduce the mortgages on the South Main Street and Soundview Avenue properties, especially the latter, title to which are in his name alone.
In addition, the parties have individually acquired interests in the following properties:
(5) Undeveloped property in Cape Coral, Florida, owned by the defendant. The fair market value is $5,000. CT Page 14523
 (6) Residence in Madison, Connecticut. The plaintiff and her siblings have title to this property, with a life use in the plaintiff's parents. The fair market value of the property is $320,000. The plaintiff's 1/8 interest is worth $40,000.
This marriage effectively broke down some time ago. The parties have conflicting opinions concerning the cause of the breakdown. The court believes that both parties share responsibility. The defendant exercised extreme control over the family's finances, and micro-managed the plaintiff s spending. At one point, the defendant put the plaintiff on a daily "allowance" of $5.00. The plaintiff is also culpable. She began dating, but this was after the marriage broke down. However, the plaintiff portended an air of superiority because of her educational advantage, and to some extent treated the defendant as "hired help. " To the extent that there was relative fault for the breakdown, that of the defendant probably outweighs the plaintiff's.
In addition to this dissolution trial, the parties have also put before the court for decision two pendente lite motions. A brief history is required. On April 1, 1996, the parties entered into a stipulation which was made an order of the court (#109). The stipulation allocated certain expenses between the parties and, in addition, provided that the defendant would pay the plaintiff $1,750 per month as unallocated alimony and child support. On February 19, 1997, the defendant filed a motion for modification of pendente lite support (#143). In response, the court (Harrigan, J.) entered an order reducing the $1,750 monthly alimony and support to $1,250 per month, effective May 1, 1997 (#151).
The two motions before the court now are the defendant's motion for modification, dated March 17, 1998 (#170.55), alleging a substantial change in circumstances because of the defendant's dispossession from the marital home in January, 1998; also, the plaintiff filed a motion for contempt pendente lite, dated June 23, 1998 (#184). At the time of trial the parties were able to enter into partial stipulations. The mortgage on the marital home was current, subject to audit. Also, it was stipulated that through August 31, 1998, the defendant owed the plaintiff $5,550 subject to the defendant's motion for modification (#170.55). Further, the parties agreed that any modification would be retroactive to April 13, 1998. Left unresolved were whether the CT Page 14524 defendant owes an arrearage for debt payments on the leased Volvo used by the plaintiff, and the amount of car insurance owed to or for the plaintiff.
This court makes the following findings as to the motions:
 (1) There was a substantial change in circumstances, so that the defendant's motion to modify should be granted. The cash contribution should be reduced from $1,250 per month to $1,000 per month. Therefore, the defendant is entitled to a credit of $1,125 (($1,250-$1,000=$250) x 4.5 months) (April 13 to August 31) against the stipulated arrearage of $5,550, which results in a final arrearage of $4,425 through August 31.
 (2) The plaintiff's claim to hold the defendant responsible for the debt payments on the Volvo is denied. The defendant has had no responsibility under the existing court orders to pay anything other than, for the car, "insurance (. . . cars); debts" (emphasis added). The defendant had no responsibility under the original stipulation, or in anything subsequent thereto, for debt payments on the Volvo other than for insurance. Therefore, the court finds no arrearage against the defendant on this item.
 (3) As to the plaintiff's car insurance, the plaintiff has offered no credible evidence of her actual insurance expense, and the court is left with the defendant's testimony on this item, and his counsel's concession at oral argument that the defendant owes the plaintiff $800 pendente lite as an allotment for her car insurance, subject to audit.
 (4) The defendant has failed to pay the personal property taxes on the Volvo in the amount of $97.17, again subject to audit.
Finally, the court finds that the defendant' s non payment of the pendente lite obligation for alimony was willful, and finds the following total arrearage:
Alimony and support $ 4,425.00
Car insurance $ 800.00 CT Page 14525
 Car property tax $ 97.17 --------------- Total $ 5,322.17
The court has considered the evidence and all of the statutes made and provided for the dissolution of marriage and related relief including Chapter 815j of the Connecticut General Statutes, and enters the following orders:
 (1) The marriage is dissolved on the grounds of an irretrievable breakdown and the plaintiff's maiden name of Conroy is restored forthwith.
 (2) The defendant is ordered to pay the plaintiff as and for periodic alimony the sum of $1,000 per month beginning January 1, 1999, in equal installments of $500 on the first and fifteenth of each month, in advance. The pendente lite order for alimony shall continue until January 1. Periodic alimony shall continue until the soonest of the following events: The plaintiff's death, remarriage or statutory cohabitation, or December 31, 2013.
 (3) The plaintiff is further awarded a 25% interest in the defendant's pension, now $392 per month. This court shall continue to retain jurisdiction over this order to effectuate the transfer of 25% of the defendant's pension to the plaintiff on a monthly basis.
 (4) The plaintiff is awarded all of the parties' right, title and interest in and to the properties at 8 Lantern Lane, Greenwich, Connecticut, 29 Willet Avenue, Port Chester, New York and in Madison, Connecticut. The plaintiff shall be responsible for, and shall indemnify the defendant against, any debt or other liability relating to or resulting from ownership of said properties.
 (5) The defendant is awarded all of the parties' right, title and interest in and to the properties at 141 South Main Street, Port Chester, New York, 38 Soundview Avenue, Port Chester, New York and Cape Coral, Florida. The defendant is also awarded the joint checking account referred to on plaintiff's affidavit, section IV, E, 2. The defendant shall be responsible for, and shall indemnify the CT Page 14526 plaintiff against, any debt or other liability relating to or resulting from ownership of said properties.
 (6) The plaintiff may, at her election, continue to participate in any health or medical insurance plan maintained by the defendant as permitted by law, at her own cost and expense. In the event the plaintiff so elects, the defendant shall cooperate with the plaintiff and plan authority in continuing said insurance.
 (7) The plaintiff is awarded all of the furnishings of the marital home at 8 Lantern Lane, Greenwich, except for the defendant's personal papers and effects, which are awarded to the defendant. In the event of a disagreement or dispute concerning this order, the parties shall first mediate this matter with Family Services before moving the court for a further order.
 (8) The defendant's motion to modify (#170.55) is granted and the plaintiff's motion for contempt (#184) is also granted. The court finds an arrearage of $5,322.17, through August 31, 1998, subject to audit. The court orders that the defendant pay this arrearage to the plaintiff at the rate of $887.03 per month in equal successive monthly installments beginning January 1, 1999 until completely satisfied.
 (9) Except to the extent as expressly set forth hereinbefore, each party shall retain all assets and be responsible for all liabilities as set forth in their respective financial affidavits.
 (10) Except as may be expressly set forth hereinbefore, all orders are to be effectuated no later than 30 days from the date hereof.
 (11) Each party shall be responsible for his or her own attorney's fees.
 (12) Counsel for the plaintiff shall prepare the judgment file.
So Ordered.
KAVANEWSKY, J. CT Page 14527